IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Campbell, | No. CV-24-01073-PHX-SMM-CDB |
| Plaintiff, | **ORDER** |
| v. | |
| CoreCivic, et al., | |
| Defendants. | |

This matter was assigned to Magistrate Judge Camille D. Bibles. (Doc. 3). On June 27, 2025, the Magistrate Judge filed a Report and Recommendation with this Court.[1] (Doc. 41). The Magistrate Judge recommended that Plaintiff's motion (Doc. 31) and Notice of Errata (Doc. 33) seeking leave to amend his complaint to add CoreCivic as a

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

defendant be denied. Plaintiff has made filings which the Court construes to be objections to the Magistrate Judge's Report and Recommendation. Having considered the Report and Recommendation, Plaintiff's objections and the Defendant's response to Plaintiff's objections, the Court adopts the Report and Recommendation.

## I.     STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Likewise, it is well-settled that "failure to object to a magistrate judge's factual findings waives the right to challenge those findings." Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012)).

## II.    DISCUSSION

The Magistrate Judge concluded that Plaintiff's Proposed Third Amended Complaint fails to state facts sufficient to establish that during the relevant time period CoreCivic had a custom or practice of denying or unreasonably delaying off-site medical care to inmates amounting to deliberate indifference to inmates' serious medical needs. (Doc. 41 at 11). Moreover, the Magistrate Judge found that Plaintiff's allegations are conclusory and do not state a claim upon which relief may be granted, and thus, that

Plaintiff's motion to add CoreCivic as a defendant should be denied. (Id.).

Plaintiff made the following objections to the Report and Recommendation. First, Plaintiff objects to the Magistrate Judge's finding that inmates Gosney, Robertson, Privett, Stubbs, and Schroeder are not similarly situated because the incidents concerning their alleged medical needs/requests for offsite specialty care did not predate the medical care at issue. (Doc. 44). Second, Plaintiff objects to the Magistrate Judge's finding that the facts do not support the law of the case. (Id.) "Plaintiff argues that additional facts alleged in his proposed TAC sufficiently introduce supplemental evidence, buttressed by the medical records of other similarly situated inmates, i.e., 5 other inmates noted in his Reply, which undermines the law of the case." (Id.) Plaintiff also alleges that the following enumerated claims were not analyzed by the Magistrate Judge in the Report and Recommendation:

> (1) CoreCivic/Defendants Bray and Ivens failed to ensure Plaintiff had timely and uninterrupted access to the medication ordered, recommended, and prescribed by both onsite providers and off-site specialists; these delays resulted in serious physical injury, (2) CoreCivic custom of delaying or denying inmates access to as needed emergent medical services by qualified medical staff competent to render the appropriate care, (3) CoreCivic repeatedly and regularly failed to follow the instructions, orders, prescriptions and recommendations of both onsite providers and off-site specialists.

(Id.)

Third, Plaintiff objects to the Magistrate Judge's finding, "which limits him to an unspecified relevant time period and failed to consider the supplemental events and/or relation back to amendment issues regarding medication delays/interruptions." (Id.)

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 681. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

Plaintiff alleges that he was denied constitutionally adequate medical care. Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a constitutional medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Also, to state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated because of a policy, custom, or practice promulgated or endorsed by the private entity. See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138-39 (9th Cir. 2012). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable simply because it employed individuals who allegedly violated a plaintiff's constitutional rights. See Id. at 1139. To support this type of policy claim, a plaintiff must show: (1) a constitutional injury; (2) the entity had a policy or custom; (3) that policy or custom

amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional injury. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691-94 (1978); Mabe v. San Bernardino Cnty., Dep t of Pub. Soc. Servs., 237 F.3d 1101, 1110–11 (9th Cir. 2001).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. Cal. Dep't of Corr., 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" is not sufficient to state a claim). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105.

In this case, Plaintiff's claims are numerous, varied, and overlap over an extended

period of time. (Doc. 31). Additionally, the proposed Third Amended Complaint references numerous intervening circumstances that affect this case and the standard to be applied. (Id.) Based on the allegations set forth in the Complaint it is clear that Plaintiff received considerable medical care, but it is not clear whether a CoreCivic policy or custom led to a delay in care or medication that caused Plaintiff's loss of vision. (Id.) Further, the Court declines to adopt Plaintiff's objections.

Even assuming that Plaintiff's medical claim is sufficiently analogous to any previously recognized Eighth Amendment violations, Plaintiff fails to show in his Motion to Amend how a specific CoreCivic policy or custom amounted to a deliberate indifference of Plaintiff's constitutional rights and that the policy or custom was the moving force behind the constitutional injury to allege a proper Monell claim. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. at 691-94. The Court agrees with the Magistrate Judge's finding that inmates Gosney, Robertson, Privett, Stubbs, and Schroeder are not similarly situated because the incidents are not sufficiently similar and numerous to demonstrate a CoreCivic custom. (Docs. 41, 44). As to Plaintiff's other objections that certain claims were not analyzed and his alleged ongoing medication delays, Plaintiff does not demonstrate that a specific CoreCivic policy or custom amounted to a deliberate indifference of his constitutional rights and that the policy or custom was the moving force behind the constitutional injury. (Id.)

However, if through the course of discovery Plaintiff learns of information that may cure the deficiencies outlined above and in the Magistrate Judge's Report and Recommendation, then Plaintiff may submit another Motion to Amend his Second Amended Complaint to add CoreCivic as a defendant.

## CONCLUSION

Accordingly, for the reasons set forth, the Court finds that Plaintiffs' Motion to Amend Second Amended Complaint to add CoreCivic as a defendant is denied.

**IT IS ORDERED adopting** the Report and Recommendation of the Magistrate Judge. (Doc. 41).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Leave to File Amended Complaint and subsequent Notice of Errata. (Docs. 29, 31, 33.)

Dated this 30th day of September, 2025.

_____
Stephen M. McNamee
Senior United States District Judge